■ NEPCO FORGED PRODUCTS, INC., Plaintiff, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Defendants. (Action No. 1.) MARSEL MIRROR AND GLASS PRODUCTS, INC., Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, and COMMERCE LABOR INDUSTRY CORPORATION OF KINGS, Appellant. (Action No. 2.) — In an action, No. 2, to recover moneys allegedly due to plaintiff Marsel Mirror and Glass Products, Inc. (hereinafter plaintiff), as the intended beneficiary of an agreement between defendant Commerce Labor Industry Corporation of Kings (hereinafter Click) and defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Ed), defendant Click appeals, as limited by its notice of appeal and letter, from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated May 25, 1983, as denied its motion to dismiss the plaintiff's complaint against it. Order reversed insofar as appealed from, on the law, motion granted, and complaint dismissed as against defendant Click. In its complaint seeking reimbursement for funds expended for the purchase of air compressors, plaintiff alleged that it was entitled to recovery from Click as an "intended beneficiary" of an agreement between Con Ed and Click concerning the supply of utilities to Click's subtenants at the industrial complex at the former Brooklyn Navy Yard. In our view, plaintiff may not recover against Click on the theory that it was an "intended beneficiary" of the agreement between Click and Con Ed. The agreement between Click and Con Ed provided in pertinent part as follows: "Nothing in this Agreement, express or implied, is intended to confer on any other person any rights or remedies, in or by reason of this Agreement." It has been held that third-party beneficiaries are only those whom the contract was intended to benefit (*Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652). Where performance is to be made directly to a third party, that party is generally deemed an intended beneficiary of the contract and is entitled to enforce it or there is, at least, a presumption that the contract was for the benefit of the third party (*Goodman-Marks Assoc. v Westbury Post Assoc.*, 70 AD2d 145; *Drake v Drake*, 89 AD2d 207). However, the best evidence of whether contracting parties intended their contract to benefit third parties remains the language of the contract itself (*Burns Jackson Miller Summit & Spitzer v Lindner*, 108 Misc 2d 458, mod on other grounds 88 AD2d 50, affd 59 NY2d 314). Where a provision exists in an agreement expressly negating an intent to permit enforcement by third parties, as exists in the agreement at bar, that provision is decisive (*Schuler-Haas Elec. Corp. v Wager Constr. Corp.*, 57 AD2d 707). Accordingly, Click's motion to dismiss plaintiff's complaint as against it should have been granted. Finally, it should be noted that Click, by its notice of appeal, has appealed from several other provisions of the order dated May 25, 1983. However, by letter dated December 5, 1983, counsel for Click advised this court that the only issue which remains for appellate review is the propriety of that provision of the order dated May 25, 1983 which denied Click's motion to dismiss plaintiff's complaint as against it. Accordingly, our determination is limited solely to that issue. Titone, J. P., Lazer, Mangano and Thompson, JJ., concur.