■ JAMES SCHLEIDT, Appellant, v MARTIN J. STAMLER, Respondent. — Order, Supreme Court, New York County (Irving Kirschenbaum, J.), entered August 17, 1983, which granted defendant's motion to dismiss the complaint for failure to state a cause of action and denied as moot plaintiff's motions for partial summary judgment and dismissal of defendant's Statute of Limitations affirmative defense, reversed, on the law and in the exercise of discretion, without costs, defendant's motion to dismiss for failure to state a cause of action is denied, defendant's Statute of Limitations defense is dismissed, and, *sua sponte,* 111 East 55th Park Coffee Shop, Inc., is joined as a party plaintiff pursuant to CPLR 1003.

In March, 1979 plaintiff retained defendant as his attorney to represent him and his two sisters in the purchase of a coffee shop then owned by Datom Food Corp. and located at 111 East 55th Street in Manhattan. Defendant formed a corporation named 111 East 55th Park Coffee Shop, Inc. (111 East) for the purpose of taking title to the premises. A contract of sale between Datom and the 111 East corporation was executed on March 21, 1979, and provided, *inter alia,* for a $3,000 escrow to insure that all taxes had been paid, and individual indemnification by Datom's principal for tax claims against 111 East. The closing took place on April 5, 1979.

In June, 1981 plaintiff was advised by the New York State Department of Taxation and Finance that Datom had failed to pay sales taxes of between $20,000 and $25,000, and that 111 East was liable for these back taxes. On March 24, 1982 plaintiff

commenced a malpractice action against defendant based on his alleged failure to advise plaintiff of the potential liability for past-due sales taxes, or to alert plaintiff that protection against such tax liability was available by filing with the New York State Tax Commission a 10-day notice of bulk sale as provided by subdivision (c) of section 1141 of the Tax Law. (See *Harcel Liqs. v Evsam Parking,* 48 NY2d 503.) The action was commenced by filing a summons with the New York County Clerk, thereby tolling the three-year Statute of Limitations for malpractice (CPLR 203, subd [b], par 5; 214, subd 6). Defendant's verified answer admitted representing plaintiff in connection with the purchase of the coffee shop, and interposed as affirmative defenses (1) failure to state a cause of action and (2) the time bar of the Statute of Limitations.

Following joinder of issue plaintiff moved to dismiss the Statute of Limitations defense and for partial summary judgment on liability only. Defendant cross-moved for summary judgment, claiming that since the 111 East corporation purchased the coffee shop and was liable for unpaid taxes, the individual plaintiff suffered no damages and therefore had no cause of action for malpractice. Special Term dismissed the complaint essentially upon a finding that the individual plaintiff had suffered no monetary damages as a result of the alleged malpractice, and accordingly did not reach the issues raised by plaintiff's motion for partial summary judgment.

The record reveals that 111 East corporation as purchaser, not the individual plaintiff, is liable to the Department of Taxation for the seller's unpaid taxes. The plaintiff, as an individual shareholder, has no right to bring an action in his own name for a wrong committed against the corporation. (*General Motors Acceptance Corp. v Kalkstein,* 101 AD2d 102, 106; *New Castle Siding Co. v Wolfson,* 97 AD2d 501; *Niles v New York Cent. & Hudson Riv. R. R. Co.,* 176 NY 119; *Green v Victor Talking Mach. Co.,* 24 F2d 378, 380, cert den 278 US 602.) Nevertheless, under the circumstances presented, where the defendant was originally retained by the individual plaintiff who ultimately became a principal of the small, closely held corporation created by defendant to take title to the coffee shop, we think the more appropriate response to defendant's motion to dismiss on this ground is to join the 111 East corporation as a party plaintiff pursuant to CPLR 1003. We accordingly order such joinder, without prejudice to any applications in the court below to amend the pleadings if necessary.

With regard to defendant's affirmative defense of Statute of Limitations, we find the action to have been timely commenced within three years. Plaintiff's cause of action arose, at the

earliest, on March 26, 1979 when defendant failed to file a notice of bulk sale with the Tax Commission pursuant to subdivision (c) of section 1141 of the Tax Law at least 10 days before the April 5, 1979 closing. Since plaintiff timely commenced the action on March 24, 1982, his motion to strike the affirmative defense of time bar should be granted. We find it unnecessary under this view of the facts to consider plaintiff's facially persuasive argument that the "continuous treatment" doctrine (*Siegel v Kranis,* 29 AD2d 477) tolled the Statute of Limitations at least until the April 5, 1979 closing.

We note further that the Statute of Limitations is not a time bar to the assertion by the corporation of the malpractice claim pursuant to the joinder ordered herein. "This court has been very liberal in allowing the addition or substitution of new parties, even after the Statute of Limitations has run, where the cause of action remains unchanged." (*Van der Stegen v Neuss, Hesslein & Co.,* 243 App Div 122, 131, affd 270 NY 55; see CPLR 203, subd [e]; *Rivera v St. Luke's Hosp.,* 102 Misc 2d 727; 1 Weinstein-Korn-Miller, NY Civ Prac, par 203.34; Ann., Change in Party After Statute of Limitations Has Run, 8 ALR2d 6, §§ 8-10, 34; Ann., Limitations — Saving Statute — Parties, 13 ALR3d 848, 854, § 4.)

With regard to plaintiff's motion for partial summary judgment, we are satisfied that there are factual issues as to whether defendant's actions under the circumstances presented constituted professional malpractice. Concur — Sandler, J. P., Ross, Carro, Silverman and Kassal, JJ.