FOURTH OCEAN PUTNAM CORP., Respondent-Appellant, v INTERSTATE WRECKING CO., INC., Appellant-Respondent, and INCORPORATED VILLAGE OF ATLANTIC BEACH, Respondent.

Second Department, April 8, 1985

### APPEARANCES OF COUNSEL

*Joseph Winston* (*Stanley S. Getzoff* of counsel), for appellant-respondent.

*Jaspan, Ginsberg, Ehrlich, Reich & Levin* (*A. Thomas Levin* of counsel), for respondent-appellant.

*Rivkin, Leff, Sherman & Radler* (*Frank L. Amoroso* of counsel), for respondent.

### OPINION OF THE COURT

MANGANO, J.

The primary question to be resolved on these appeals is whether plaintiff, Fourth Ocean, was the third-party beneficiary of a demolition contract entered into between the defendant village and defendant Interstate. In our view, the question must be answered in the negative.

Prior to 1977, Fourth Ocean conducted a hotel and beach club on its property in the Village of Atlantic Beach. After it ceased

its operation of the hotel, the buildings and appurtenant structures lapsed into a deteriorated and unsafe condition due to lack of care and extensive fire damage. The village requested that Fourth Ocean rehabilitate or demolish the structures to ameliorate these situations, but Fourth Ocean failed to comply with this request. Thereafter, the village commenced a proceeding against Fourth Ocean pursuant to Ordinance No. 22 of the village, seeking, *inter alia,* an order directing Fourth Ocean to demolish the aforenoted buildings and structures "at its own cost or expense, as being a public nuisance, dangerous, unsafe and fire hazard". After a trial, during which testimony was offered in support of, and in opposition to, the village's application to have the buildings and structures demolished, the village obtained an order and judgment (one paper) of the Supreme Court, Nassau County, entered January 13, 1978, which, *inter alia,* (1) directed Fourth Ocean "to demolish, take down and remove premises known as 1675 Ocean Blvd., Atlantic Beach, N.Y. together with its cabanas, [and] auxiliary buildings surrounding the main structure * * * as being in a state of disrepair, deterioration, structurally unsafe, unsanitary, dangerous, constituting a fire hazard and detrimental to the public health and safety of the residents and their property and a nuisance", (2) directed that Fourth Ocean commence demolition on or before January 31, 1978 and complete it on or before February 28, 1978, and (3) provided that in the event Fourth Ocean failed to comply with the aforenoted directive, the village was to demolish the buildings and structures and could obtain reimbursement from Fourth Ocean for the costs thereof in the way of an additional assessment of taxes.

Fourth Ocean defaulted in complying with the court's order and judgment directing it to demolish the unsafe buildings and structures. Thereafter, in April 1978, after public bidding, a contract was entered into between the village and Interstate whereby Interstate agreed to demolish the subject buildings and structures. The demolition contract, which did not mention Fourth Ocean by name, provided, *inter alia:*

"The Contractor agrees to demolish the buildings, cabanas, improvements, structures and boardwalk located on the South side of Ocean Boulevard between Putnam and Vernon Boulevards, known as the Atlantic Beach Hotel and Cabana Club * * *

"5. * * * All walls and foundations shall be removed one (1) foot below the elevation of the existing grade of the sidewalk adjacent to it. The slab will be crushed for drainage and all large pieces removed".

The demolition work, which was completed in July 1978, was approved by the village, and Interstate was paid.

In or about January 1979, Fourth Ocean commenced an action against the village seeking (1) to enjoin the village from assessing it with additional taxes in the amount of $86,372.63, representing the cost of the demolition, on the ground that the work "has not been completed" and (2) a declaration that the "awarding of the contract" to Interstate was "void and improper" due to improprieties in the bidding procedure. In accordance with this action, Fourth Ocean moved for a preliminary injunction. This motion was denied pursuant to an order of Special Term dated April 23, 1979 and the additional tax assessment, representing the cost of the demolition, was eventually paid by Fourth Ocean.

In or about September 1982, Fourth Ocean commenced the instant action against the village and Interstate to recover damages for their alleged breach of the demolition contract. The complaint alleged that (1) "in and around March 1, 1982", Fourth Ocean commenced construction of townhouses on the subject site and (2) during the course of the construction, Fourth Ocean discovered, contrary to the provisions of the demolition contract between the village and Interstate, that the foundation of the old hotel, the damaged boardwalks, and the large pieces of slab had not been removed. The complaint further alleged that (1) the village "breached its obligation" in failing to properly supervise the demolition work and (2) Interstate "breached the contract * * * in failing to remove the concrete foundation, crush the slab and * * * remove the boardwalk."

After joinder of issue, Interstate moved and the village cross-moved for summary judgment on the ground that Fourth Ocean was not a third-party beneficiary of the demolition contract between the village and Interstate. In addition, the village argued that (1) Fourth Ocean's action was one to recover damages for breach of contract, (2) pursuant to CPLR 9802, a written notice of claim had to be filed within one year after accrual of the cause of action and an action had to be commenced within 18 months after accrual of the cause of action, (3) the demolition work was completed in July 1978 and any alleged breach of the contract accrued at that time, and (4) Fourth Ocean's notice of claim, concededly served on or about July 22, 1982, and its action, commenced on or about September 1982, were untimely.

In opposition to the motions for summary judgment, Fourth Ocean argued, *inter alia,* that (1) whether the village and Interstate intended to benefit it was, at the very least, a question of fact to be resolved at trial and (2) the cause of action

accrued when Fourth Ocean discovered the damage, i.e., in March 1982, and its notice of claim and action were timely.

Special Term denied Interstate's motion for summary judgment holding:

"The Court of Appeals in *Port Chester Electrical Construction Corp. v Atlas* (40 NY2d 652, 655-656) stated:

" 'It is old law that a third party may sue as a beneficiary on a contract made for his benefit. (*Lawrence v Fox,* 20 NY 268; 17A CJS, Contracts, § 519 (3); 10 NY Jur, Contracts, § 237.) However, an intent to benefit the third party must be shown (*Beveridge v New York El. R. R. Co.,* 112 NY 1, 26; *Cerullo* v *Aetna Cas. & Sur. Co.,* 41 AD2d 1), and, absent such intent, the third party is merely an incidental beneficiary with no right to enforce the particular contracts. (*Associated Flour Haulers & Warehousemen v Hoffman,* 282 NY 173, 180; *Moch Co. v Rensselaer Water Co.,* 247 NY 160; Simpson, Contracts, § 117.) Difficulty may be encountered, however, in applying the intent to benefit test in construction contracts because of the multiple contractual relationships involved and because performance ultimately, if indirectly, runs to each party of the several contracts. Hence, interpretational difficulties prevalent in third party beneficiary contracts are compounded as a result of the peculiar problems presented by construction contracts.'

"Further, the Court of Appeals has stated that 'the mere absence of any provision either excluding or including such coverage does not necessarily preclude proof that unnamed third party beneficiaries were intended to be benefited * * *' *Newin Corp. v Hartford Accident & Indem.,* 37 N.Y. 2d 211, 219. Here, the facts show that the contract conferred a benefit upon plaintiff as the owner of the property where the hazardous structures were demolished. Whether that was the intent of the parties to the contract under the circumstances is an issue of fact requiring a trial. *Gobos* v *George A. Fuller Co.,* 5 A.D.2d 773".

Special Term, however, granted the village's cross motion for summary judgment based on the defense of the Statute of Limitations, holding:

"The complaint herein alleges a breach of contract. Pursuant to CPLR §9802, a written notice of claim is a condition precedent to an action against the Village and has to be filed within one year after accrual of the cause of action. *Salesian Society, Inc.* v *Village of Ellenville,* 41 NY2d 521; *Ayvee Constr. Co.* v *Village of New Paltz,* 78 AD2d 942. The action has to be commenced within 18 months after the accrual of the cause of action.

"A cause of action for breach of contract accrues and the statute of limitations begins to run from the time of breach. *John J. Kassner Co.* v *City of New York,* 46 N.Y.2d 544 (the exception to this rule stated in *Brooklyn Union Gas Co.* v *Interboro Surface Co.,* 87 A.D.2d 833, is inapplicable since the breach and the harm were simultaneous events). The breach allegedly occurred when the demolition was completed no later than July, 1978. The notice of claim was not filed until 4 years later and the action was not commenced until 2 months after that".

In determining whether Fourth Ocean may maintain an action as a third-party beneficiary, for breach of the demolition contract entered into by the village and Interstate, it is necessary to determine the intent of the parties (*Lawrence v Fox,* 20 NY 268; *Beveridge v New York El. R. R. Co.,* 112 NY 1; *Goodman-Marks Assoc. v Westbury Post Assoc.,* 70 AD2d 145). It is well-settled law that a contract entered into between two parties may be enforced by a third party if the contracting parties intended the contract for the third party's direct benefit (*Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652; *Newin Corp. v Hartford Acc. & Indem. Co.,* 37 NY2d 211; *Drake v Drake,* 89 AD2d 207; *Resinol v Valentine Dolls,* 14 AD2d 853). Absent such an intent, the third party is merely an incidental beneficiary with no right to enforce the particular contract (*Associated Flour Haulers & Warehousemen v Hoffman,* 282 NY 173, 180). It is true that where performance is to be made directly to a third party, there is at least "a presumption that the contract was for the benefit of the third party" (*Nepco Forged Prods. v Consolidated Edison Co.,* 99 AD2d 508). However, "the intention of the promisee is of primary importance, since the promisee procured the promise by furnishing the consideration therefor" (*Drake v Drake, supra,* p 209).

Viewing the undisputed facts within the framework of these principles, Fourth Ocean, as a matter of law, cannot be considered a third-party beneficiary.

The record indicates that Fourth Ocean did not request or even welcome the demolition of the buildings on its property. Thus, Fourth Ocean (1) refused to accede to the village's initial request to demolish the buildings, (2) argued in the subsequent court proceeding that the buildings were not unsafe, (3) failed to comply with an order of the court that it demolish the buildings which were adjudicated to be unsafe, and (4) compelled the village to enter into a contract with Interstate to accomplish that task. Moreover, it is clear that in entering into a contract

with Interstate to demolish the buildings on Fourth Ocean's property, the village was acting pursuant to the general rule that "a municipality in the exercise of its police power may, without compensation, destroy a building or structure that is a menace to the public safety or health" (7 McQuillin, Municipal Corporations § 24.561, at 544 [3d ed 1981]). The demolition of the buildings on Fourth Ocean's property was not done to prepare the latter's property for further income producing development but rather was done to benefit the community at large by removing structurally dangerous and unsafe buildings. Under these circumstances, Fourth Ocean must be considered an incidental beneficiary which cannot maintain an action for breach of contract (*see generally,* Restatement [Second] of Contracts §§ 302, 313).

We have reviewed the remaining contentions raised by plaintiff on appeal and find them to be without merit.

LAZER, J. P., BRACKEN and NIEHOFF, JJ., concur.

Order modified, on the law, by deleting therefrom the provision denying defendant Interstate's motion for summary judgment and by substituting therefor a provision granting said motion and dismissing the complaint in its entirety. As so modified, order affirmed, with one bill of costs payable by plaintiff.