**BOCRE LEASING CORPORATION,**
**Plaintiff–Appellant,**

v.

**GENERAL MOTORS CORPORATION (ALLISON GAS TURBINE DIVISION), Defendant–Appellee.**

**Docket No. 94–7139.**

United States Court of Appeals, Second Circuit.

March 29, 1994.

Present: TIMBERS, McLAUGHLIN and RONEY,* Circuit Judges.

This motion to certify a question of state law came to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Wexler, *J.*).

It is hereby ORDERED that the Clerk of the Court transmit to the Clerk of the New York Court of Appeals a Certificate in the form attached, together with a complete set of the briefs, appendix, and record filed with this Court by the parties.

---

* Honorable Paul H. Roney, of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 1993

Docket No. 94–7139

March 29, 1994

BOCRE LEASING CORPORATION.
*Plaintiff–Appellant,*

—v.—

GENERAL MOTORS CORPORATION
(Allison Gas Turbine Division),
*Defendant–Appellee.*

Certificate to the New York Court of Appeals pursuant to Local Rule 0.27 and N.Y.Comp.Codes R. & Regs. tit. 22, § 500.-17(b) (McKinney's 1994).

Plaintiff filed a product liability action, under New York law, in the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*), seeking to recover for damage to its helicopter. Plaintiff claimed that the damage was caused by a defect in the helicopter's engine, which was manufactured by defendant. The district court granted the defendant's motion for summary judgment, finding that the New York Court of Appeals would likely follow the reasoning of *East River Steamship Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), and deny recovery.

I.

In 1986, plaintiff Bocre Leasing Corporation bought a used helicopter from an aircraft broker. The helicopter's engine had been manufactured in 1972 by the Allison Gas Turbine Division of General Motors Corporation ("Allison"). Three years after plaintiff's purchase, the helicopter crashed on Long Island, New York. While no one was injured, the helicopter sustained extensive damage.

Asserting diversity jurisdiction, Bocre filed strict product liability and negligence actions against the manufacturer, Allison, in the United States District Court for the Eastern District of New York, alleging that a defect in the engine compressor caused the crash. Bocre's complaint sought to recover tort damages for the lost use of the helicopter, lost rental value, and related expenses.

Allison moved for summary judgment. Citing *East River Steamship Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 871, 106 S.Ct. 2295, 2302, 90 L.Ed.2d 865 (1986), and *Key Int'l Mfg., Inc. v. Morse/Diesel, Inc.,* 142 A.D.2d 448, 450–51, 536 N.Y.S.2d 792, 794 (2d Dep't 1988), Allison argued that Bocre could not recover in tort for pure economic damages caused by a product defect. Bocre responded that, under *Trustees of Columbia Univ. v. Gwathmey Siegel and Assoc.,* 192 A.D.2d 151, 601 N.Y.S.2d 116 (1st Dep't 1993), and *Schiavone Constr. Co. v. Elgood Mayo Corp.,* 81 A.D.2d 221, 226, 439 N.Y.S.2d 933, 937 (1st Dep't 1981) (Silverman, *J.,* dissenting), *rev'd for reasons stated in dissent,* 56 N.Y.2d 667, 451 N.Y.S.2d 720, 436 N.E.2d 1322 (1982), a product liability plaintiff may indeed recover pure economic damages where the defect "can have catastrophic consequences," or the product is "unduly dangerous."

The district court granted Allison's motion and dismissed the case. 840 F.Supp. 231 (1994). The court acknowledged that the New York Court of Appeals has not yet spoken on this issue, and that the state's intermediate appellate courts have reached conflicting results. The court then noted that the United States Supreme Court had ruled that a product liability plaintiff could not recover pure economic damages in an admiralty suit because a manufacturer has no duty in tort to prevent a product from injuring itself. *See East River,* 476 U.S. at 871, 106 S.Ct. at 2302. The district court recognized that New York state courts are not bound by *East River* (because it is an admiralty case), but predicted that the New York Court of Appeals would nonetheless adopt the Supreme Court's approach.

Bocre appealed, and asked this Court to certify to the New York Court of Appeals the question whether it may recover tort damages to its helicopter under New York product liability law. Allison filed a brief in support of Bocre's motion.

## II.

We certify the following question to the New York Court of Appeals:

Whether, under New York law, one who buys a helicopter in a commercial transaction may recover in tort, under either strict products liability or negligence theory, from the engine manufacturer for damages caused by a defect in the engine, where only the helicopter itself was damaged.

## III.

We have found no New York Court of Appeals precedent that controls this question. *See, e.g., Bellevue South Assoc. v. HRH Constr. Corp.*, 78 N.Y.2d 282, 293, 574 N.Y.S.2d 165, 170, 579 N.E.2d 195, 200 (1991) ("In the present case we find it unnecessary to accept or reject [the] invitation to adopt *East River* as a matter of State law, for plaintiff's tort claim fails under even the intermediate approach. . . .").

Two New York intermediate appellate courts, however, have espoused conflicting rules. The Appellate Division, Second Department, has held that no tort action exists in these circumstances. *See Key Int'l*, 142 A.D.2d at 451, 536 N.Y.S.2d at 794 ("[T]he rule is settled in New York that a plaintiff has no tort cause of action, sounding in strict products liability or in negligence, for economic loss suffered as the result of a defective product; the plaintiff's sole remedy is in contract."). The First Department, in contrast, has allowed such an action to proceed where the defect "can have serious consequences" or the product itself is "unduly dangerous." *See Columbia Univ.*, 192 A.D.2d at 155, 601 N.Y.S.2d at 118 (stating that *Bellevue* does not preclude a negligence cause of action where the nature of manufacturer's performance "is so affected with the public interest that the failure to perform competently can have catastrophic consequences"); *Schiavone*, 81 A.D.2d at 229, 439 N.Y.S.2d at 937–38 (Silverman, *J.* dissenting) ("Where the product is unduly dangerous so that the defect causes physical damage . . . [i]t is settled law in New York that a cause of action based on strict liability lies. . . .").

Given the conflicting Appellate Division rulings, we believe that New York has a strong interest in deciding the issue certified. Further, based on the volume of recent state court decisions addressing this issue, we believe that this question is likely to recur in future cases involving product defects. *See, e.g., Cooperative Power Ass'n v. Westinghouse Elec. Corp.*, 493 N.W.2d 661 (N.D. 1992); *Neibarger v. Universal Coops., Inc.*, 439 Mich. 512, 486 N.W.2d 612 (1992); *Waggoner v. Town & Country Mobile Homes, Inc.*, 808 P.2d 649 (Okla.1990).

For these reasons, we believe that the question should be decided "at this time" by the New York Court of Appeals. *See* N.Y.Comp.Codes R. & Regs. tit. 22, § 500.-17(b).

The foregoing is hereby certified to the Court of Appeals for the State of New York as ordered by the United States Court of Appeals for the Second Circuit.

Dated at New York, New York, this 29th day of March, 1994.

by: /s/ GEORGE LANGE III
George Lange III, Clerk,
United States Court of Appeals
for the Second Circuit