■ In the Matter of GREATER NEW YORK HEALTH CARE FACILITIES ASSOCIATION et al., Respondents, and LYDEN NURSING HOME et al., Intervenors-Respondents, v BARBARA DeBUONO et al., Appellants. [661 NYS2d 618] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about October 23, 1996, which granted respondents' motion for reargument and adhered to a prior order, same court (Richard Andrias, J.), entered on or about March 29, 1996, which conditionally granted the intervenors-respondents' motion to intervene, unanimously reversed, on the law, without costs, and the motion denied.

Petitioners, which are an organization of nursing homes and eight individual nursing homes that have Medicaid recipients

among their patients, brought this special proceeding to challenge the Retroactive Calibration Adjustment regulation and Base Price Reduction regulation imposed by respondents and to seek upward revision of their Medicaid rates for the years 1989, 1990 and 1991. The caption of the petition purported to sue not only on their own behalf, but also on "Behalf of All Other Similarly Situated Residential Health Care Facilities Throughout the State of New York". In spite of this caption, petitioners never moved for class action certification.

Petitioners and respondents stipulated on November 12, 1991 to remove the petition from the calendar pending a decision in an action then pending in Supreme Court, Albany County, entitled *New York State Health Facilities Assn. v Axelrod*. That action was ultimately decided in favor of the named petitioners in that case, and, while an appeal was pending, was settled. In or about December 1995, petitioners and the State began negotiating a settlement of the underlying action, and it came to the attention of the intervenors, which are other nursing homes whose interests are identical in principle to those of petitioners, that petitioners had no intention of protecting them on their potential claims. On December 15, 1995 intervenors moved to intervene, asserting that, as a result of petitioners' misleading caption, they had been lulled into a false sense of security that they were being protected, and, solely as a result of that misconception, they did not commence their own action. At the time they sought to intervene, the applicable four month Statute of Limitations (*New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 205-206) had long since expired. The IAS Court conditionally granted the motion to intervene on an expedited basis in order to preserve the State's right to certain Federal funding and, *sua sponte*, gave the State 90 days to move for reargument so the merits of the intervention motion could be fully explored. Upon reargument, the court ruled that intervention was appropriate because intervenors' claims are "very similar to those of the original petitioners" and the State showed no prejudice from intervention, and held that since intervenors' claims would be deemed interposed as of the date the proceeding was commenced, they were therefore not time-barred. This appeal followed.

There is no dispute that, under CPLR 7802 (d), a court may allow an "interested person" to intervene in a special proceeding or that, once "intervention has been granted, an intervenor is afforded the same rights accorded the original parties in the action" (*State of New York v General Elec. Co.,* 199 AD2d 595, 597).

However, while there is no question that Intervenors are interested in this special proceeding, since their claims are indisputably time-barred, they may only intervene if their claims can be related back under CPLR 203 (f) to the filing of the original petition for purposes of computing the commencement of the Statute of Limitations (*see, Matter of Power Auth. v Flacke*, 90 AD2d 878). Generally, relation back of the claims of an intervening party will be permitted when that party is imposing claims which are "the same as or similar to" those set forth in the original complaint (*State of New York v General Elec. Co., supra*, at 598). Among the factors that may be considered in making this determination are whether the substance of the new claims is the same as those asserted in the original complaint or petition, whether the addition of the new claims does not change the potential liability of the defendants and whether the new party is related to the original plaintiff or petitioner (*Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448, 458-459).

Here, the parties are not related, and, while the relief sought is dependent upon the same legal principle, the intervenors' claims, if allowed to stand, would expose the State to additional liability of approximately $8 million allegedly due to completely different parties who never pursued their remedies at law. Under these circumstances, the causes of action interposed by the original petitioners in this action and sought to be interposed by the intervenors, while based on the same principles of law, cannot be considered identical or substantially similar (*State of New York v General Elec. Co.*, 199 AD2d, *supra,* at 598; *see also, Key Intl. Mfg. v Morse/Diesel, Inc., supra; Schleidt v Stamler*, 106 AD2d 264).

Thus, the State should not now be subjected to claims that will drastically increase its exposure to liability and that were raised approximately six years too late (*New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d, *supra,* at 205-206). For these reasons, the motion to intervene must be denied. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Mazzarelli, JJ.