■ FAZIO MASONRY, INC., et al., Respondents, v BARRY, BETTE & LED DUKE, INC., et al., Appellants. [803 NYS2d 729]—

Kane, J. Appeals (1) from an order of the Supreme Court (Benza, J.), entered December 16, 2004 in Albany County, which granted a motion by plaintiff Fazio Masonry, Inc. for leave to amend the complaint, and (2) from an order of said court, entered January 10, 2005 in Albany County, which, inter alia, granted plaintiffs' motion for leave to serve a supplemental summons.

Plaintiff Fazio Masonry, Inc. (hereinafter plaintiff) entered into a subcontract with defendants to perform masonry work for a project at Skidmore College in the City of Saratoga Springs, Saratoga County. Following delays in the project, on January 2, 2001, plaintiff commenced this action for damages alleging, among other things, that defendants interfered with its ability to perform the required work by harassing its officers and employees and making derogatory remarks about their ethnicity. Plaintiff amended its complaint three times prior to the motion which is the subject of this appeal. On June 2, 2004, plaintiff moved to amend the complaint, for the fourth time, to add plaintiff Anthony Fazio, one of its owners, as a party to the action, alleging that he suffered personal injuries as the result of defendants' conduct. Defendants opposed the motion, arguing that the statute of limitations on Fazio's claims had expired and that his personal claims did not relate back to the original claims made by plaintiff. Supreme Court granted the motion and defendants now appeal. Defendants also appeal from Supreme Court's subsequent order directing, among other things, the service of a supplemental summons.

Fazio should not have been permitted to interpose his time-barred claims into this action. A new party plaintiff may relate its claim back to an original complaint for statute of limitations purposes only if both claims arise out of the same transaction or occurrence and the new plaintiff and original plaintiff are so closely related or united in interest that the original claim would have given the defendant notice of the potential liability for the subsequent claim (*see* CPLR 203 [f]; *State of New York v General Elec. Co.*, 199 AD2d 595, 597-598 [1993]; *Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448, 458-459 [1988]). The claim of a newly added plaintiff should only relate back to the claim of the preexisting plaintiff "where the substance of the claims of the newly joined plaintiff and those of [the] existing plaintiff are virtually identical, where the ad damnum clause is thus the same in the proposed amended complaint as in the original complaint, and where the newly joined plaintiff is closely related to the original plaintiff" (*Key Intl. Mfg. v Morse/Diesel, Inc.*, *supra* at 459; *see Lord Day & Lord, Barrett, Smith v Broadwall Mgt. Corp.*, 301 AD2d 362, 363 [2003]; *State of New York v General Elec. Co.*, *supra* at 598). An otherwise time-barred claim should not be permitted under the relation-back doctrine of CPLR 203 (f) "where to do so would increase the measure of liability to which the defendants are exposed" (*Key Intl. Mfg. v Morse/Diesel, Inc.*, *supra* at 459; *see State of New York v General Elec. Co.*, *supra* at 598).

Here, plaintiff's claims sound in breach of contract, trade def-

amation and prima facie tort. Fazio's proposed claims, which sound in intentional infliction of emotional distress, negligent hiring and prima facie tort, would result in very different damages from the contract damages sought by plaintiff in the original complaint. Damages under Fazio's claims could include psychologist's bills, medications and monetary reparations for injuries to his mental state. These new claims are not similar to those in the complaint and could vastly increase the measure of defendants' liability for items of which they were not on notice through plaintiff's complaint, making it inappropriate to permit their introduction into this action after the statute of limitations had expired.

The situation presented here is distinguishable from circumstances in which a parent or spouse has been permitted to amend a complaint to add a derivative claim to a personal injury action (*compare Anderson v Carney*, 161 AD2d 1002 [1990] [husband permitted to join as plaintiff with loss of consortium claim]; *Ferguson v Kane*, 155 AD2d 903 [1989] [father, originally plaintiff in representative capacity, permitted to add derivative claim in individual capacity]; *Rivera v St. Luke's Hosp.*, 102 Misc 2d 727 [1980] [same]). In those cases, the derivative claim was tied to the original claim and could not stand alone; Fazio's claims here were independent of plaintiff's claims. Additionally, the defendants in those cases knew, or reasonably could have known, that a derivative claim could arise from the original plaintiffs' personal injury actions; defendants here were not on notice of Fazio's emotional distress and personal injury claims through the filing of plaintiff's breach of contract and trade defamation action. Because Fazio's claims do not relate back to the original complaint, Supreme Court should not have permitted amendment of the complaint to add those claims.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the orders are reversed, on the law, with costs, and motions denied. [*See* 5 Misc 3d 1028(A), 2004 NY Slip Op 51601(U) (2004).]