■ HP Capital, LLC, Respondent, v Village of Sleepy Hollow, Appellant, et al., Defendants. [891 NYS2d 443]—

The plaintiff HP Capital, LLC, commenced this action against, among others, the defendant Village of Sleepy Hollow, alleging that on March 22, 2005 the Village sold defective tax sale certificates to it. On or about November 12, 2007 the plaintiff filed a notice of claim with the Village Clerk. On or about January 14, 2008 the plaintiff commenced this action. The Village moved for summary judgment dismissing the complaint insofar as asserted against it as time-barred and for failure to timely file a notice of claim pursuant to CPLR 9802. The Supreme Court denied the motion. We reverse.

Pursuant to CPLR 9802, "no action shall be maintained against the village upon or *arising out of a contract* of the village unless the same shall be commenced within *eighteen months* after the cause of action therefor shall have accrued, nor unless a written verified claim shall have been filed with the village clerk within *one year* after the cause of action shall have accrued" (emphasis added). Here, the plaintiff's claim, in essence, was predicated on breach of contract (*see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Heffez v L & G Gen. Constr., Inc.*, 56 AD3d 526 [2008]).

The plaintiff purchased the allegedly defective certificates on March 22, 2005. The notice of claim, however, was not filed until sometime on or about November 12, 2007, more than two years later. "A cause of action for breach of contract accrues and the statute of limitations begins to run from the time of breach" (*Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 108 AD2d 3, 7 [1985], *affd* 66 NY2d 38 [1985] [internal quotation marks omitted]; *see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402 [1993]). As a general rule, accrual occurs when all of the factual elements necessary to maintain the lawsuit and obtain relief come into existence (*see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d at 406, citing 1

Weinstein-Korn-Miller, NY Civ Prac ¶ 201.02, at 2-10). Thus, here, the cause of action accrued at the time of the alleged breach, i.e., when the certificates were sold. Accordingly, filing of the notice of claim was required to have been made within one year after the cause of action accrued on March 22, 2005 (*see* CPLR 9802). Moreover, the statute of limitations expired within 18 months after the cause of action accrued (*id.*).

Accordingly, the Supreme Court should have granted the Village's motion for summary judgment dismissing the complaint insofar as asserted against it as time-barred and for failure to timely file a notice of claim pursuant to CPLR 9802. Skelos, J.P., Eng, Austin and Roman, JJ., concur.