(May 30, 2002)

■ In the Matter of ROBERT CRABTREE, Respondent, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL,

Appellant, et al., Respondents. [743 NYS2d 35] —Judgment and order amending judgment, Supreme Court, New York County (Robert Lippmann, J.), both entered July 10, 2000, which awarded attorney's fees to petitioner-respondent Robert Crabtree pursuant to CPLR 8601, following his CPLR article 78 proceeding arising from the denial by respondent-appellant Division of Housing and Community Renewal (DHCR) of his fair market rent appeal, unanimously reversed, on the law, without costs, and such award vacated.

We find that, although ultimately unsuccessful, DHCR was substantially justified in taking the position that petitioner, Robert Crabtree, the tenant of record of apartment 2W at Charles Street in Manhattan since December 1, 1992, was not overcharged by his landlords, respondents Charles Thompson, LLC, and Shore Assets, Inc. (Thompson). Thus, Crabtree, the prevailing party in the underlying article 78 proceeding, is not entitled to an award of legal fees under the New York State Equal Access to Justice Act ([State EAJA] CPLR 8601[a]).

Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516, as amended by the Rent Regulation Reform Act of 1997 (L 1997, ch 116, § 33), precludes review of rental history prior to the four-year period preceding the filing of an overcharge complaint. Since Crabtree filed his complaint on November 29, 1996, no rental history prior to November 29, 1992, may be examined. In granting, on May 14, 1998, respondent Thompson's petition for administrative review (PAR) of a July 9, 1997 Rent Administrator's (RA) order, which found that Crabtree had been overcharged, DHCR relied on the 1992 rent registration statement showing that the rent charged on November 29, 1992 was $1,050. The 1992 rent registration statement, along with rent registration statements for prior years back to 1986, were filed simultaneously in 1993.

Crabtree relied on two DHCR orders, issued in September 1995, relating to two prior tenants of the same apartment in arguing that he had been overcharged. The first order, issued on September 8, 1995, which pertained to an overcharge complaint filed in 1983 by the initial rent-stabilized tenant, Robin Katz, denied the building owner's PAR of an RA's order finding that the allowable monthly rent in 1983 was $391, not the $775 that Katz had paid (the Katz Order). The second order, issued September 29, 1995, granted the PAR of Katz's successor, Betsey Reid, of an RA's order denying her overcharge complaint, and established that the monthly rent from December 1, 1987 through November 30, 1989 was $508.40 (the Reid Order). The Reid Order directed the owner to "reflect

the findings and determinations made in this order on all future registration statements, including those for the current year if not already filed * * * [and] adjust subsequent rents to an amount no greater than that determined by this order plus any lawful increases." Since the owner filed the rent registration statements for the years in which Reid was tenant in 1993—within the permissible four-year period before Crabtree filed his overcharge complaint, Crabtree also sought to rely on those statements to establish a rental overcharge. Finally, Crabtree argued that the rent established in the Katz Order was reviewable in his 1996 overcharge proceeding because he was an intervenor in an article 78 appeal to this Court by the owner in which the respondents (including Crabtree) prevailed. (The appeal was dismissed as untimely, and no further action was taken.)

The DHCR rejected Crabtree's contentions, finding that the September 1995 Katz and Reid Orders and the rent registration statements filed in 1993 involved matters outside the four-year period and thus were not reviewable. In addition, DHCR found that Crabtree's status as an intervenor in the Katz proceeding did not provide a basis for a different result. Crabtree then brought his article 78 petition, challenging DHCR's determination.

On October 26, 1998, the IAS court granted Crabtree's petition, annulled DHCR's order, and directed DHCR to reinstate the RA's order finding that Crabtree had been overcharged. DHCR filed a notice of appeal of the court's order but never perfected its appeal. Crabtree then commenced this action seeking an award of legal fees of $22,327.25 with interest plus an additional $3,500 for the cost of the fee application pursuant to the State EAJA (CPLR 8601 [a]).

The IAS court ruled in Crabtree's favor, finding that, although DHCR's refusal to consider the rent registration statements was substantially justified, its refusal to consider the September 1995 Katz and Reid Orders and its position that Crabtree acquired no rights as an intervenor were unjustified. We reverse.

CPLR 8601 (a), part of the State EAJA, provides that "a court shall award to a prevailing party, other than the state, fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust." Because the State EAJA was modeled on the Federal Equal Access to Justice Act, the Court of Appeals has adopted the United States Supreme

Court's interpretation of "substantially justified" as meaning "justified to a degree that could satisfy a reasonable person," or having "a reasonable basis both in law and fact" (*Matter of New York State Clinical Lab. Assn. v Kaladjian*, 85 NY2d 346, 356, quoting *Pierce v Underwood*, 487 US 552, 565).

DHCR's position that Crabtree was not overcharged is based on the view that rental history that occurred more than four years prior to the filing of the complaint is not reviewable even if: (a) the history is listed in documents filed within the four-year period (as in the rent registration statements); (b) the history involves a dispute that was resolved within the four-year period (the September 1995 Katz and Reid Orders); or (c) the tenant was an intervenor in the prior tenant's dispute.

DHCR's position on the first two issues is supported by two nisi prius decisions, and neither the parties nor the IAS court cited any appellate case on point. As acknowledged by the IAS court, *Bragston Realty Corp. v Dixon* (180 Misc 2d 1018) expressly disagreed with the court's view regarding the rent registration statements. As to the September 1995 orders, *Klipper v DHCR* (Index No. 115867/98, Sup Ct, NY County Mar. 1999), cited by the IAS court, rejected the argument (made in that case by DHCR) that rulings pertaining to rent disputes arising more than four years prior to the filing of a rent-overcharge complaint are reviewable if decided within the four-year period.

Crabtree's assertion that his status as an intervenor in the prior rent disputes made the rulings in those matters reviewable in his own rent overcharge matter presented a conflict between the rights of an intervenor and the four-year limitation of the 1997 amendment. While the IAS court is correct that an intervenor is afforded the same rights as the original parties in the action (*see, Matter of Greater N.Y. Health Care Facilities Assn. v DeBuono*, 242 AD2d 211, *affd* 91 NY2d 716), we do not, under the circumstances, regard as wholly unreasonable DHCR's position that Crabtree's intervention in the Katz proceeding did not help him since the proceeding involved matters that arose prior to the reviewable four-year period. Thus, DHCR's position that Crabtree was not overcharged, although ultimately rejected by the IAS court, was substantially justified so as to defeat Crabtree's application for legal fees under New York's Equal Access to Justice Act. Concur—Williams, P.J., Tom, Rosenberger, Wallach and Marlow, JJ.