OPINION OF THE COURT
Walter B. Tolub, J.
The defendants move for leave to amend their answer in the estate of Alan G., to include a defense of Statute of Limitations and upon such amendment an order granting summary judgment dismissing the complaint.
This is an action to recover damages for pain and suffering and the wrongful death of Alan G., who died as the result of a beating inflicted by his father. This is one of six related actions in which the plaintiffs seek to recover damages allegedly caused inter alia by the defendants’ failure to comply with the requirements of Social Services Law § 409 et seq. The estate of Alan G. seeks damages for conscious pain and suffering, wrongful death and violations of 42 USC § 1983.
The defendants seek to amend their answer to assert the affirmative defense of Statute of Limitations, and to dismiss the entire complaint as time barred. The plaintiff opposes on three grounds. First, the estate argues that the amendment of the answer should be denied because it is brought on the eve of *244 trial is prejudicial. Second, under the relation back doctrine the complaint was timely served. Finally, the plaintiff contends that Statute of Limitations for wrongful death was tolled until letters of administration were issued to the infant’s estate.
TIMELINESS OF MOTION
It is well settled that in the absence of prejudice or surprise leave to amend a pleading shall be freely given by the court (Fahey v County of Ontario, 44 NY2d 934; Murray v City of New York, 43 NY2d 400). A motion to amend made on the eve of trial is in and of itself insufficient grounds to deny the motion since lateness alone is not a barrier to the amendment (Edenwald Contr. Co. v City of New York, 60 NY2d 957). In order to defeat a motion to amend there must be some proof of prejudice to the nonmoving party. Prejudice has been defined by the Court as " ' "some special right lost in the interim, some change of position or some trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add” ’ ” (Barbour v Hospital for Special Surgery, 169 AD2d 385, 386).
Applying these standards to the action at bar the court finds that the plaintiff has failed to demonstrate any prejudice caused by the defendant’s failure to include a Statute of Limitations defense in their answer. The court notes that only two years have elapsed since plaintiff’s intervenor complaint was served in this action. The First Department has allowed amendment of a defendant’s answer for periods longer than the two years which have passed in this lawsuit (Seda v New York City Hous. Auth., 181 AD2d 469 [amendment of answer to include Statute of Limitations defense allowed three years after answer served]; Barbour v Hospital for Special Surgery, supra [amendment allowed seven years after answer served]). Moreover, the plaintiff cannot demonstrate any prejudice occasioned by the delay, since a large portion of the discovery necessary to prosecute the G. action was completed in the related actions. This is especially true in light of the fact that one of the related actions was commenced by the siblings of Alan G., whose claims arise virtually out of the same facts.
RELATION BACK
The plaintiff argues that the defendants’ attempt to dismiss the action as barred by the Statute of Limitations is without merit since under the doctrine of relation back, the complaint served by the plaintiff is deemed to relate back to the date *245 when the preexisting plaintiffs interposed their claim (see, CPLR 203 [b], KD.
It is settled that "[w]here parties are united in interest an amended pleading adding such a party may be deemed to relate back to the original pleading insofar as the claims asserted in the proposed amendment arise out of the same transactions and occurrences set forth in the original pleading” (Manti v New York City Tr. Auth., 146 AD2d 551, 552). To be united in interest it must be established that the "interests of the parties in the subject-matter of the action are such that they stand or fall together and judgment against one will similarly affect the other” (Prudential Ins. Co. v Stone, 270 NY 154, 161). The question of unity of interest is to be determined from an examination of (1) the jural relationship of the parties whose interests are said to be united and (2) the nature of the claim asserted (Connell v Hayden, 83 AD2d 30).
While the majority of cases speak to unity of interest between defendants, this same standard has been applied to the addition of a plaintiff to an action after the statutory period has lapsed (Manti v New York City Tr. Auth., supra). There is little dispute that the defendants had notice of the claims asserted by the estate of Alan G. prior to the service of the summons and complaint in 1994. The record establishes that there were four notices of claim served upon the City on behalf of the estate of Alan G. Additionally, the complaint served by Alan G.’s siblings, who intervened in the action in December of 1991, contains allegations of abuse suffered by Alan G. In point of fact the claims made by the estate of Alan G. and the claims made in the complaints of his siblings are virtually identical, save for the wrongful death claim of Alan G.
It is settled law that when a nonparty plaintiff is joined in order to allow it to assert a claim on its behalf, its claim will be deemed to have been interposed as of the time of interposition by the preexisting plaintiff of its similar or identical claim (Key Intl. Mfg. v Morsel Diesel, Inc., 142 AD2d 448; Schleidt v Stamler, 106 AD2d 264). In Key Intl., the Court specifically ruled that the addition of a new plaintiff is limited to those situations where the substance of the claims of the newly joined plaintiff and those of existing plaintiff are virtually identical, where the ad damnum clause is the same in the new plaintiff5s complaint as in the original complaint and where the newly joined plaintiff is closely related to the original plaintiff. The Court went on to hold that an entirely separate plaintiff may not be joined in a pending action in order to assert an otherwise *246 time-barred claim pursuant to the doctrine of relation back where to do so would increase the measure of liability to which the defendants are exposed (Key Intl. Mfg. v Morsel Diesel, Inc., supra, at 459).
Clearly the wrongful death claim of Alan G. increases the liability to which the defendants are exposed and a cause of action may not be asserted. However, with respect to the balance of the claims alleged in the complaint, the doctrine of relation back applies so that the claim asserted by the estate of Alan G. in 1994 relate back to the date of the service of the summons and complaint in the action commenced by the G. children and are therefore deemed timely. A review of the complaint in both actions reflects that the parties are closely related, that the claims are virtually identical and seek the same damages.
WRONGFUL DEATH CLAIM
A separate issue arises with respect to whether the wrongful death claim of Alan G. is tolled. The plaintiff argues that the Statute of Limitations for the wrongful death claim was tolled pursuant to CPLR 208, until April 30, 1993 when the Bronx Public Administrator received letters of administration for the estate. The plaintiff contends that the Statute of Limitations was tolled because the only distributees to the estate of Alan G. are his siblings who are infants.
The seminal case which addresses this issue is Hernandez v New York City Health & Hosps. Corp. (78 NY2d 687). In Hernandez the Court held that where a decedent’s sole distributee(s) is an infant the applicable Statute of Limitations is tolled until a guardian is appointed for the infant. The plaintiff claims that the exact facts occur in this action. The estate claims that the sole distributees of Alan’s estate are the infant siblings. They argue that even though Alan’s parents are listed as the sole distributees of his estate they are, as a matter of law, not entitled to recover any money since they were criminally responsible for his death (see, Matter of Dorsey, 161 Misc 2d 258; Matter of Sparks, 172 Misc 642).
A review of the petition for letters of administration reflects that the only distributees listed are Alan’s parents. It is not clear as to why the public administrator chose not to have guardians appointed for Alan’s siblings and to list them as distributees of the estate. The petition was not filed until three years after Alan’s death and after his parents had been convicted. While it may be technically true that his parents are not entitled to recovery, the children were never named as *247 distributees and can only be deemed at the present time to be presumptive distributees. Since the Bronx Public Administrator never listed the children as distributees, it cannot at this late date seek to revive an otherwise stale claim by deeming them to be the sole distributees.
Accordingly, the defendants’ motion to amend the complaint to assert a defense that the action is barred by the Statute of Limitations is granted and upon such amendment the motion for partial summary judgment dismissing the intervening complaint is granted to the extent indicated in this decision. The Clerk is directed to enter judgment in favor of the defendants dismissing the wrongful death cause of action asserted on behalf of the estate of Alan G.