■ 15 EAST 11TH APARTMENT CORP., Appellant, v H. HENRY ELGHANAYAN et al., Respondents. (And a Third-Party Action.) (Action No. 1.) DIANE W. CERIBELLI et al., Respondents, v LANDMARK RESTORATION COMPANY et al., Respondents. (And a

Third-Party Action and Another Action.) (Action No. 2.) [648 NYS2d 442] —Order, Supreme Court, New York County (William Davis, J.), entered September 15, 1995, which denied individual movants leave to be added as parties or to intervene in Action No. 2, and denied the corporate movant leave to amend the complaint filed by plaintiffs in Action No. 2, unanimously affirmed, without costs.

Denial of intervention was a provident exercise of the motion court's discretion (see, Matter of Pier v Board of Assessment Review, 209 AD2d 788, 789). The proposed new causes of action were time-barred as of the time of the proposed intervention (see, Manhattan Plaza v Air Tech Indus., 107 AD2d 578). Even if the new claim were identical or very similar to the original claims (see, e.g., State of New York v General Elec. Co., 199 AD2d 595, 597-598), appellants are not "united in interest" with the original plaintiffs in Action No. 2 (cf., e.g., Manti v New York City Tr. Auth., 146 AD2d 551). The initial omission of appellants as plaintiffs in Action No. 2 was the result of a conscious strategic decision (see, e.g., A to Z Assocs. v Cooper, 215 AD2d 161, 162).

We have considered appellants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Nardelli and Andrias, JJ.