■ MARVIN NEIMAN, P. C., Respondent, v ADAR IMPORTING & DISTRIBUTING CO., INC., Appellant. [664 NYS2d 562] —Order of the Appellate Term of the Supreme Court, First Department, entered on or about August 22, 1996, which affirmed an order of the Civil Court, New York County (Marcy Friedman, J.), entered on or about April 24, 1995, denying defendant's motion to add Marvin Neiman individually as a counterclaim defendant and to amend the caption, unanimously reversed, on the law, with costs, and the motion granted.

Defendant's motion to add Neiman individually as a counter-

claim defendant and have such claims relate back pursuant to CPLR 203 (b) should have been granted. That section permits a plaintiff to add a defendant to an action and have the claim relate back for Statute of Limitations purposes where such defendant is united in interest with the other defendants. In *Buran v Coupal* (87 NY2d 173, 176), the Court of Appeals held, *inter alia*, that "New York law requires merely mistake—not excusable mistake—on the part of the litigant seeking the benefit of the [relation back] doctrine". Here, defendant's error in failing to sue the proper party was an unintentional mistake, which, as the record shows, was fostered by the repeated conduct of plaintiff, Neiman, and counsel to the insurance company in treating Neiman and the professional corporation as indistinguishable. In addition, plaintiff's motions for summary judgment failed to assert the claim raised here, that the actions complained of were performed by Neiman individually, not the corporation.

The record and circumstances also show that the remaining requirements of the relation back doctrine were also met here: that the claims asserted against both new and prior defendants arose out of the same conduct, transaction or occurrence, and that both are "united in interest" such that the new defendant can be charged with notice of the action's commencement without being prejudiced in maintaining his defense on the merits. Neiman, having personally litigated the case and participated in discovery, was certainly aware that he was the intended party, since the alleged malpractice occurred prior to the existence of the corporation. Moreover, as a shareholder, he possessed a unity of interest with the plaintiff corporation (*see, Connell v Hayden*, 83 AD2d 30, 46). As a result, Neiman was unquestionably on notice of the asserted claims, and would not be prejudiced by his addition in an individual capacity as a counterclaim defendant. In our view, the above findings are also sufficient to warrant that the motion to amend the caption be granted.

Leave to appeal to the Court of Appeals denied; reargument granted, and upon reargument, the unpublished decision and order of this Court entered on May 13, 1997 (Appeal No. 60764) recalled and vacated and a new decision and order, decided simultaneously herewith, substituted therefor. Concur—Sullivan, J. P., Milonas, Nardelli and Williams, JJ.