■ NAPOLEAN CRUZ, Respondent, v ESCOLASTICO VINICIO et al., Defendants, and JOSE LIBERATO et al., Appellants. [686 NYS2d 409] —Order, Supreme Court, New York County (Phyllis

Gangel-Jacob, J.), entered October 20, 1997, as resettled by the order, same court and Justice, entered January 6, 1998, which granted plaintiff's motion, determined that named defendants Escolastico Vinicio and Claire J. Antomattei were united in interest with defendants-appellants, and extended leave to file an amended judgment adding defendants-appellants to the judgment entered June 25, 1996 against defendants Escolastico Vinicio and Claire J. Antomattei, unanimously modified, on the law, leave to file an amended judgment against defendants-appellants denied, any judgment against defendants-appellants entered pursuant thereto vacated, plaintiff directed to serve and file a supplemental summons and amended complaint adding defendants-appellants as named defendants, the matter remanded for further proceedings, and otherwise affirmed, without costs.

It is well settled that even in instances where the Statute of Limitations has run with respect to unnamed parties, process may still issue, and the unnamed parties joined if they are determined to be "united in interest" with the party against whom process was actually served (*Mondello v New York Blood Ctr.-Greater N. Y. Blood Program*, 80 NY2d 219, 226, adapting test under *Brock v Bua*, 83 AD2d 61, 69 [2d Dept 1981]) under the "relation back" doctrine. In determining when the relation back doctrine will permit additional parties, it must be shown that (1) both claims arose out of the same conduct, transaction or occurrence; (2) the new party is united in interest with the original defendant, and, by reason of that relationship, can be charged with such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits; and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him or her as well (*Mondello v New York Blood Ctr.-Greater N. Y. Blood Program, supra*). Here, the IAS Court properly determined that the named defendants, Escolastico Vinicio and Claire J. Antomattei, were united in interest with defendants-appellants Jose Liberato, Jose Liberato doing business as Liberato Grocery, and C.J.N. Grocery Inc. Therefore, there is a jurisdictional predicate for service of a supplemental summons and amended complaint upon defendants-appellants pursuant to CPLR 3025 and 1003.

The motion court, however, erred in granting plaintiff leave to amend the 1996 judgment by adding defendants-appellants. The judgment was entered on default and there is no basis to hold the default of the original defendants against parties who

were not joined. The proposed defendants must be allowed to appear and defend the action on the merits. Concur—Lerner, J. P., Rubin, Mazzarelli and Andrias, JJ.