■ EILEEN T. BROWN, Individually and as Administrator of the Estate of JOSEPH M. BROWN, Deceased, et al., Respondents, v 3392 BAR CORP., Doing Business as FRENCHY'S BAR, et al., Appellants. [768 NYS2d 609]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about October 23, 2002, which granted plaintiffs' cross motion to amend their complaint to add the corporate entity as a party defendant, and denied as premature the motion of defendants Alevis and French to dismiss plaintiffs' claims against them, unanimously modified, on the law, defendants' motion granted to the extent of dismissing the complaint as against the individual defendants, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiffs demonstrated that the claim asserted against the proposed corporate defendant arose out of the same conduct, transaction or occurrence as that asserted in the original complaint, and that their failure to name that corporate party in the original pleadings was attributable to a mistake in identifying the owner of the establishment. They also demonstrated that the corporate defendant was united in interest with the originally named defendant, Frenchy's Bar, which is located at 3392 East Tremont Avenue. A judgment against Frenchy's Bar would similarly affect 3392 Bar Corp. Furthermore, Alevis and French, the corporate officers, were the sole owners of that property. Those who constituted 3392 Bar Corp. at the time of the incident were properly served with the summons and complaint, and thus knew or should have known that the corporate defendant would have been named as a party to the lawsuit had it not been for plaintiffs' oversight (see Mondello v New York Blood Ctr.—Greater N.Y. Blood Program, 80 NY2d 219, 226 [1992]; Yaniv v Taub, 256 AD2d 273, 275 [1998]). The amended pleading properly related back to the original summons and complaint (CPLR 203 [f]).

Nor have defendants articulated any prejudice that would result from late addition of the corporate party as a defendant. There is no indication that the corporate defendant will be hindered in preparing its case (see Loomis v Civetta Corinno

*Constr. Corp.*, 54 NY2d 18, 23 [1981]), or that plaintiffs' initial omission was for the purpose of gaining tactical advantage in this litigation (*see Buran v Coupal*, 87 NY2d 173, 181 [1995]).

The court erred, however, in failing to dismiss the action as against defendants Alevis and French. Plaintiffs have not alleged any facts implying individual abuse of the privilege of doing business in the corporate form, resulting in harm to the decedent (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141-142 [1993]). Concur—Nardelli, J.P., Saxe, Rosenberger, Williams and Friedman, JJ.