■ MARIO DELUCA, Appellant, v BAYBRIDGE AT BAYSIDE CONDOMINIUM I et al., Respondents. [772 NYS2d 876]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Cammer, J.), dated June 27, 2002, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

In March 2001 the plaintiff commenced this action against the defendants Baybridge at Bayside Condominium I and the Board of Managers of the Baybridge Condominium (hereinafter the Baybridge defendants), inter alia, to recover damages based on causes of action sounding in breach of contract and tort predicated upon events occurring between 1989 and 1997. The identical causes of action were asserted in a prior action commenced in September 1998 against the Baybridge defendants' managing agent, Century Operating Corporation (hereinafter Century). The Baybridge defendants were named as defendants in the 1998 action but either were never served or never properly served in that action.

By order dated September 28, 2001, the Supreme Court dismissed the 1998 action for failure to state a cause of action. In November 2001 the Baybridge defendants moved to dismiss the instant action, asserting collateral estoppel on the ground that the "identical" causes of action were asserted in the 1998 action and dismissed. The Baybridge defendants further alleged that this action was time-barred.

The plaintiff, in opposition, asserted that the Baybridge defendants' wrongful conduct continued up to and including December 15, 1995, and in any event, the claims asserted against them related back to the date of the commencement of the 1998 action on the ground that the Baybridge defendants and Century were united in interest. In support of his claim,

the plaintiff submitted documents demonstrating that the same person as "Site Manager" signed letters on behalf of both Century and the Baybridge defendants and Century's name was printed on a check issued by the Baybridge defendants.

The Baybridge defendants asserted in their reply that the plaintiff failed to submit a copy of their contract with Century to establish the exact nature of their relationship. However, although they were in a superior position to the plaintiff to have knowledge of the provisions of their own contract, the Baybridge defendants failed to cite any provisions of their contract with Century which would indicate that they were not united in interest. The Baybridge defendants further asserted that if the Supreme Court found that they were united in interest with Century, "it would logically follow that if the case was already dismissed as against the first party where unity is alleged, then the present complaint which is identical to the prior complaint must also be dismissed."

The Supreme Court granted the Baybridge defendants' motion, holding that the plaintiff's cause of action sounding in tort accrued, at the latest, in 1997 and his contract claims accrued, at the latest, in February 1995. The Supreme Court refused to relate the plaintiff's claims back to the date of the commencement of the 1998 action on the ground that the plaintiff could have joined the Baybridge defendants as parties to the 1998 action "but failed to serve them." The Supreme Court further determined that if Century and the Baybridge defendants were united in interest, the dismissal of the 1998 action against Century "would require dismissal" of this action against the Baybridge defendants. This appeal ensued.

While this appeal was pending, this Court reversed the order dated September 28, 2001, dismissing the 1998 action (see *DeLuca v Carotenuto*, 299 AD2d 391 [2002]), finding that the plaintiff's complaint against Century stated a cause of action. Accordingly, collateral estoppel is no longer a basis for dismissing the instant action. The sole issue here is whether this action is time-barred.

"[T]he relation back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where the two defendants are 'united in interest' " (*Buran v Coupal*, 87 NY2d 173, 177 [1995]; *Ramos v Cilluffo*, 276 AD2d 475 [2000]; *see* CPLR 203 [b]). The doctrine requires the plaintiff to establish that "(1) both claims arose out of the same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant, and by reason of

that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (*Schiavone v Victory Mem. Hosp.*, 292 AD2d 365, 366 [2002] [internal quotation marks omitted]; *Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 703 [1999]). With respect to the "mistake" prong of the relation-back doctrine, "New York law requires merely mistake—not excusable mistake" (*Losner v Cashline, L.P.*, 303 AD2d 647, 648 [2003]; *see Buran v Coupal, supra* at 181). However, if a "plaintiff intentionally decides not to assert a claim against a party known to be potentially liable, there has been no mistake" (*Buran v Coupal, supra* at 181). The relation-back doctrine may be applied if the party was identified in the prior action but not made a party to that action owing to the plaintiff's failure to comply with the technical requirements for commencement of an action (*see Nardi v Hirsh,* 245 AD2d 205 [1997]).

In the instant case, all the evidence indicates that the Baybridge defendants were united in interest with Century. Concededly, the claims in the two actions are identical. Further, there is no indication that the plaintiff intentionally failed to join the Baybridge defendants as parties to the 1998 action or acted in bad faith. His failure to properly join the Baybridge defendants as parties to the 1998 action constituted a "mistake" (*id.* at 206).

Although not preserved for appellate review, we note that pursuant to CPLR 203 (c) the relation-back doctrine applies to claims "interposed against the defendant or a co-defendant united in interest with such defendant when the action is commenced." Although Century and the Baybridge defendants were sued in two separate actions, the relation-back doctrine may be applied here when the actions are consolidated (*see* CPLR 602; *Buran v Coupal, supra; Cuello v Patel,* 257 AD2d 499 [1999]; *see also Town of Guilderland v Texaco Ref. & Mktg.,* 159 AD2d 829 [1990]). Since the prior action has been reinstated (*see DeLuca v Carotenuto, supra*), these two actions can now be consolidated in the Supreme Court, Kings County.

In view of the foregoing, it cannot be said as a matter of law that the plaintiff's causes of action are time-barred. Goldstein, J.P., Adams, Townes and Mastro, JJ., concur.