**Frank LUCCHESI, Plaintiff,**

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**Defendant.**

No. 03 CIV.2633(SCR).

United States District Court, S.D. New York.

Jan. 7, 2005.

Bernard Rabin, Rabin & Rabin, Tarrytown, NY, for Plaintiff.

Patrick Gallagher Broderick, Jones Day, New York City, for Defendant.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. Background

#### A. Procedural Posture

Frank Lucchesi (the "Plaintiff") filed his initial complaint in this case on April 15, 2003. The complaint vaguely alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by Experian Information Solutions, Inc. (the "Defendant"). In an order dated July 7, 2003, Judge Kaplan granted the Defendant's motion to dismiss, finding that the Plaintiff, the alleged owner of a business, had no claim under the FCRA. See Lucchesi v. Experian Info. Solutions, Inc., 2003 WL 21542317, at *2, 2003 U.S. Dist. LEXIS 11420, at *6 (S.D.N.Y.2003). Judge Kaplan did, however, grant the Plaintiff the opportunity to serve and file an amended complaint clearly stating the basis for invoking federal jurisdiction as well as the claims asserted and basis thereof. See id.

Accordingly, the Plaintiff filed an amended complaint in July 2003, again asserting causes of action under the FCRA and adding a common law cause of action. Specifically, Plaintiff's amended complaint asserts four causes of action, the first three under the FCRA: 1) a violation of 15 U.S.C. § 1681b; 2) a violation of 15 U.S.C. § 1681n; 3) a violation of 15 U.S.C. § 1681o; 4) defamation. The Defendant moved to dismiss the amended complaint, again arguing 1) Plaintiff has no standing to bring causes of action under the FCRA, 2) any common law cause of action for defamation is barred by the applicable statute of limitations. After this motion was fully briefed, the case was transferred to my docket.

For the following reasons, Defendant's motion to dismiss is granted.

#### B. Factual History [1]

The Plaintiff, who has worked in the moving and storage industry for over forty years, created County Vanlines Inc. ("CVL"), but sold it in 1994 to a firm Plaintiff refers to as County Van and Storage Inc. of Delaware ("DCVS"). Two years later, Plaintiff repossessed the company because the buyer had run the business into the ground. In December 1998, CVL applied to Fleet Bank for a loan, to be guaranteed by Plaintiff, in order to buy a trailer. The application was rejected based on a credit report about CVL, dated December 22, 1998 and issued by the Defendant, a consumer reporting agency, to the bank. According to the Plaintiff's complaint, the report negligently and inaccurately associated the poor performance of the company while it was owned by the buyer with Plaintiff. Plaintiff therefore sought and obtained a corrected report concerning CVL. The Plaintiff alleges that his "personal report was also corrected," although there is no suggestion in the amended complaint that the Defendant issued a personal credit report about Plaintiff to Fleet Bank or that Fleet Bank relied on any such report in denying CVL's application for a loan.

In March 2001, the Plaintiff once again made an application for a loan (for additional equipment) this time with the Bank of New York, ("BONY") and again offered a personal guarantee for the loan. Plaintiff alleges that the Defendant issued two reports, one on April 5, 2001 and the second on April 16, 2001, which, according to Plaintiff, erroneously associated him with DCVS. In July 2001, the Plaintiff requested and received a copy of the April 16 report, which describes itself as a "business profile" of CVL but contains information about DVCS. The only reference in the April 16 report to Plaintiff is under the heading "Company Background Information," where the Plaintiff is listed as the principal and chairman of DCVS. The April 5, 2001 report, which Plaintiff claims not to have learned about or seen until June 2001, appears to be a report about Frank Lucchesi personally, and also contains information on DCVS.

1. This statement of facts borrows liberally from Judge Kaplan's previous order in this case.

The Plaintiff received a formal letter dated April 20, 2001 indicating that his loan application had been rejected, and that the denial was based on information provided by a credit reporting agency.

## II. Analysis

### A. Applicable Standard

In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court accepts as true all material factual allegations in the complaint and draws all reasonable inferences in favor of the non-movant. *Still v. DeBuono*, 101 F.3d 888, 891 (2d Cir.1996). We may grant the motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Id.* at 891.

### B. Whether Plaintiff Can Assert A Cause of Action Under the FCRA

Defendant correctly argues that Plaintiff has no claim under the FCRA. First, Plaintiff properly concedes in his amended complaint that any cause of action arising from the 1998 report issued to Fleet Bank would be barred by the FCRA's two year statute of limitations. *See* 15 U.S.C. § 1681p.[2]

■ Plaintiff cannot assert a cause of action under the FCRA based on the April 2001 reports either. Even though the April 6 report was a report about the Plaintiff's credit history, it was provided to BONY in connection with a proposal that Plaintiff guarantee CVL's business financing for the purpose of acquiring additional equipment. As the Federal Trade Commission has said,

"[a] report on a consumer for credit or insurance in connection with a business operated by the consumer is not a 'consumer report,' and the Act does not apply to it." 16 C.F.R., Part 600, App. cmt. 6(b). As Judge Kaplan noted, the object of the FCRA is to regulate credit reports used in establishing eligibility for personal, family or household purposes. *See Lucchesi*, 2003 WL 21542317 at *1, 2003 U.S. Dist. LEXIS 11420 at *4.

The April 16, 2001 report cannot form the basis of liability under this statute for at least two reasons. First, it appears to have been a report about CVL and/or DCVS—not the Plaintiff. But even assuming that it, like the April 5 report, was a report about the Plaintiff, it too was issued in connection with a business operated by the consumer, and thus cannot form the basis of liability under the FCRA.

As Plaintiff has not properly alleged any cause of action under the FCRA, the first three causes of action in his amended complaint are dismissed.

### C. Whether Plaintiff Can Assert a Common Law Cause of Action for Defamation

Defendant argues that Plaintiff's common law cause of action for defamation is barred by New York's one year statute of limitations. *See* N.Y. CPLR § 215(3).

■ In response, Plaintiff contends that the timing of his defamation claim relates back to the time of the filing of County Vanlines' lawsuit in state court in June 2001. There is no authority for this argument. The Federal Rules of Civil Procedure [3] con-

---

**2.** Moreover, as Judge Kaplan concluded, Plaintiff could not state a claim under the FCRA with respect to any report on CVL, because CVL is not a consumer. *See Lucchesi*, 2003 WL 21542317 at *1, 2003 U.S. Dist. LEXIS 11420 at *4.

**3.** It is worthwhile to note that CPLR 203(c), the New York state law counterpart to FRCP 15, does not appear to include such a blanket prohibition on relating back to pleadings in prior litigation. *See DeLuca v. Baybridge at Bayside Condo. I*, 5 A.D.3d 533, 772 N.Y.S.2d 876, 878 (2nd Dep't 2004); *15 E. 11th Apt. Corp. v. Elghanayan*, 232 A.D.2d 289, 648 N.Y.S.2d 442 (1st Dept.1996). *See also Mark G. by & Through Jones v. Sabol*, 169 Misc.2d 242, 644 N.Y.S.2d

882, 884 (Sup.Ct.N.Y.1996) (While the majority of cases speak to unity of interest between defendants, the same standard has been applied to the addition of a plaintiff to an action after the statutory period has lapsed). This apparent difference between state and federal procedure potentially raises complicated questions of *Erie* doctrine that were not addressed by either party. Nevertheless, these questions need not be resolved here. First, existing case law from this circuit suggests that federal law applies to relation back issues in federal court diversity cases. *See Ingram v. Kumar*, 585 F.2d 566, 570 n. 5 (2d Cir.1978). Moreover, even assuming that New York state law did apply, it would not permit the relation back relied upon by the Plaintiff in this case. Plaintiff is seeking damages for humilia-

templates the relation back of pleadings only in the context of a single proceeding. *See* FED. R. CIV. P. 15 ("An amendment of a pleading relates back to the date of the original pleading...").[4] Plaintiff cannot, therefore, properly argue that his defamation claim relates back to any separate action he initiated in 2001. *See Elgendy v. City of New York,* 2000 WL 1119080, at *5, 2000 U.S. Dist. LEXIS 11085, at *15 (S.D.N.Y. 2000) citing *Rayo v. State of New York,* 882 F.Supp. 37, 40 (N.D.N.Y.1995) ("The amendment does not, however, relate back to any prior proceedings which are not part of the action in question.").[5]

For these reasons, Plaintiff's common law cause of action for defamation must also be dismissed.

### III. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. Plaintiff's causes of action are dismissed with prejudice, and the clerk of the court is directed to close this case.

It is so ordered.

tion, physical and mental stress and anguish, severe pains and gout, and compensation for medical treatment. An entirely separate plaintiff may not rely on relation back to assert an otherwise time-barred claim where doing so would increase the measure of liability to which the defendant is exposed. *See Key International Mfg., Inc. v. Morse/Diesel, Inc.,* 142 A.D.2d 448, 536 N.Y.S.2d 792, 798–99 (2nd Dept.1988).

4. Although primarily invoked against attempts to add new defendants, Rule 15(c) applies to the addition of plaintiffs as well if defendants could reasonably have expected them to be added. *Staggers v. Otto Gerdau Co.,* 359 F.2d 292, 297 (2d Cir.1966); *In re Integrated Resources Real Estate Ltd. Partnerships Sec. Litig.,* 815 F.Supp. 620, 642 (S.D.N.Y.1993).

5. In defense of a possible statute of limitation argument barring his FCRA claim, Plaintiff seems to argue that his claims should not be barred because he did not learn of the April 5, 2001 report, which was the one specifically

about him, until June 2002, because Defendant sent only the April 16, 2001 report (which was about CVL/DCVS) to the Plaintiff in June 2001, in response to Plaintiff's request. As discussed, Plaintiff's FCRA claims are defective for other reasons, but even if the court were to apply this argument *in defense of Plaintiff's common law* defamation claim, it is not persuasive. Specifically, this argument runs contrary to Plaintiff's allegations in his complaint. Specifically, Plaintiff's allegations include the acknowledgment that he received a formal letter from BONY informing him that CVL's application had been denied, and this letter explicitly states that "[a] consumer credit agency provided us with information *on one or more of the principals of County Van Lines* that in whole or in part influenced our decision" and that "[t]hose individuals have been notified separately of their right to raise questions" (emphasis added). Plaintiff undoubtedly knew, based on this letter and the April 16 report that he unquestionably received, that Defendant had provided adverse information about the Plaintiff well before June 2002.