■ JAMINE MICHAEL DONOVAN, Respondent, v ALL-WELD PRODUCTS CORP. et al., Respondents, and PRAXAIR, INC., et al., Appellants, et al., Defendants. (And Other Actions.) [824 NYS2d 44]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered on or about October 24, 2005, which, to the extent appealed from, granted plaintiff's cross motion to add Praxair Distribution Inc. as a party defendant, unanimously affirmed, without costs.

The court properly determined that plaintiff satisfied the requirements of the relation back doctrine (*see Buran v Coupal*, 87 NY2d 173 [1995]. The record establishes that Praxair Distribution is united in interest with Praxair, Inc., of which it is a wholly owned subsidiary, acting as the distributor for Praxair products. The two entities "necessarily have the same defenses to the plaintiff's claim" and will "stand or fall together" in this litigation (*Lord Day & Lord, Barrett, Smith v Broadwall Mgt. Corp.*, 301 AD2d 362, 363 [2003], quoting *Connell v Hayden*, 83 AD2d 30, 43, 40 [1981]; *cf. Mercer v 203 E. 72nd St. Corp.*, 300 AD2d 105 [2002]; *Achtziger v Fuji Copian Corp.*, 299 AD2d 946, 948 [2002], *lv denied* 100 NY2d 548 [2003]). The record shows that the two companies, intentionally or not, often blurred the distinction between them. Indeed, Praxair produced for deposition an employee of Praxair Distribution (*see Marvin Neiman, P.C. v Adar Importing & Distrib. Co.*, 243 AD2d 408 [1997]).

In view of the companies' unity of interest, Praxair Distribution is chargeable with notice of the institution of the action (*see Brown v 3392 Bar Corp.*, 2 AD3d 324 [2003]; *Cruz v Vinicio*, 259 AD2d 294 [1999]). Praxair Distribution has made no show-

ing that it would be unduly prejudiced by its addition as a defendant (*see Brown v 3392 Bar Corp., supra*). Indeed, Praxair Distribution has already "participated" in the lawsuit by having its employee deposed on behalf of Praxair. Moreover, Praxair Distribution has been impleaded in the suit and is a named fourth third-party defendant.

The record establishes that the initial failure to add Praxair Distribution earlier was not intended, but was simply a mistake on plaintiff's part (*see Buran v Coupal, supra; Pappas v 31-08 Café Concerto*, 5 AD3d 452, 453 [2004]). Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Sweeny, JJ.