■ Donald G. Fellner, Appellant, v Masaharu Morimoto, Respondent. [862 NYS2d 349]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered June 14, 2007, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for leave to

amend the complaint to (1) add Morimoto, Inc. as an additional defendant; (2) add a cause of action directing defendant to render a full accounting of the business affairs and transactions of Moridon Group, LLC (Moridon); (3) add a cause of action for waste on behalf of plaintiff and Moridon; and (4) impose a constructive trust on the assets of defendant and proposed additional defendant Morimoto, Inc., unanimously reversed, on the law, without costs, and the motion granted.

We reject defendant's contention that no appeal lies from the subject order since the denial of plaintiff's motion seeking, inter alia, leave to amend his complaint is appealable as it "affects a substantial right" (CPLR 5701 [a] [2] [v]). Nor does the court's order constitute, as defendant suggests, an advisory opinion. Although plaintiff could have sought leave to renew its motion once the decision on the subsequent summary judgment motions was rendered, this does not lead to the conclusion that the order appealed from did not determine the rights of the parties and was one from which there was no right to appeal.

The motion court erred in denying plaintiff leave to amend the complaint (*see* CPLR 3025 [b]). There was no undue delay in bringing the motion, and the claims sought to be added arise out of the same facts as those underlying the original complaint (*see Brown v 3392 Bar Corp.*, 2 AD3d 324 [2003]). The original complaint alleges that defendant improperly usurped certain business opportunities and profits rightfully belonging to Moridon, the entity formed by plaintiff and defendant to carry out their business partnership. The proposed claims for waste and for a constructive trust similarly allege that such diversions, in violation of defendant's fiduciary duties, constitute waste and entitle plaintiff to the imposition of a constructive trust on the improperly diverted funds. Moreover, Morimoto, Inc. is wholly-owned by defendant, and accordingly, defendant would not be unduly prejudiced or surprised by its addition as a defendant (*see id.* at 325; *Donovan v All-Weld Prods. Corp.*, 34 AD3d 257 [2006]).

The proposed claims are also not devoid of merit. Regarding the cause of action for the imposition of a constructive trust, plaintiff sufficiently alleges that certain profits and business opportunities rightfully belonging to Moridon and its members were improperly diverted to defendant and Morimoto, Inc., without consideration, thereby unjustly enriching defendant and Morimoto, Inc., an entity in which plaintiff has no interest (*see Schneidman v Tollman*, 190 AD2d 524 [1993]). As for the cause of action for waste, although such a claim is usually asserted as a derivative one on behalf of the company, "where a

wrongdoer has breached an obligation to a shareholder which is independent of any duty owing to the corporation, the shareholder has an individual cause of action" (*Matter of Rudey v Landmarks Preserv. Commn. of City of N.Y.*, 137 AD2d 238, 244 [1988]), and here, plaintiff has adequately alleged a cause of action for waste both on his and Moridon's behalf.

We have considered defendant's other arguments and find them unavailing. Concur—Lippman, P.J., Andrias, Sweeny and Renwick, JJ.