Uddin v A.T.A. Constr. Corp. (2018 NY Slip Op 06135)





Uddin v A.T.A. Constr. Corp.


2018 NY Slip Op 06135


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-07530
 (Index No. 32455/08)

[*1]Main Uddin, appellant, 
v
A.T.A. Construction Corp., et al., defendants; Flan Realty, LLC, nonparty- respondent (and third-party actions).


Silver & Kelmachter, LLP, New York, NY (Perry D. Silver of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Michael J. White of counsel), for nonparty-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated March 9, 2015. The order, insofar as appealed from, denied the plaintiff's cross motion for leave to amend the complaint to add Flan Realty, LLC, as a defendant.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's cross motion for leave to amend the complaint to add Flan Realty, LLC, as a defendant is granted.
On October 15, 2007, the plaintiff, a construction worker, allegedly was injured while performing demolition work on the roof of a condominium building in Brooklyn. In December 2008, the plaintiff commenced this action against A.T.A. Construction Corp. (hereinafter A.T.A.), the general contractor for the construction project, and Park Slope Condominium (hereinafter Park Slope), the alleged owner of the subject building. The complaint asserted causes of action sounding in common-law negligence and violations of Labor Law §§ 200 and 241(6).
In June 2014, after the expiration of the statute of limitations, the plaintiff cross-moved for leave to amend his complaint to add Flan Realty, LLC (hereinafter Flan), as a defendant in the action. The plaintiff argued, among other things, that Park Slope and Flan were jointly operated by two brothers who had "blur[red] [the] line" between the entities such that they were united in interest for purposes of applying the relation-back doctrine, and that there could be more than one owner at a jobsite under the Labor Law. The submissions in support of the plaintiff's motion showed that Flan, the entity which had contracted with A.T.A. for the construction work, was founded by brothers Ronen Flancraich and Amir Flancraich to develop the condominium project and sponsor its conversion. Ronen and Amir were also principals of Park Slope. Ronen appeared for a deposition on behalf of Park Slope, and testified that the Park Slope condominium declaration was filed with the City Register in March 2004. Amir, appearing at a deposition on behalf of Flan, testified that only he and Ronen had any legal interest in the creation of Park Slope, and that both of them negotiated the construction contract, which was executed in April 2004 with A.T.A.
In the order appealed from, the Supreme Court, inter alia, denied the plaintiff's cross motion. The court held that the claims against Flan were time-barred, and that the plaintiff had failed to establish the applicability of the relation back doctrine. The plaintiff appeals.
The relation-back doctrine allows causes of action asserted against a new defendant in an amended complaint to relate back to causes of action previously asserted against a codefendant in the same action for statute of limitations purposes (see CPLR 203[b]; Buran v Coupal, 87 NY2d 173, 177; DeLuca v Baybridge at Bayside Condominium I, 5 AD3d 533, 534). To establish the applicability of the doctrine, the plaintiff must demonstrate "that (1) both claims arose out of [the] same conduct, transaction[,] or occurrence; (2) the new party is united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he [or she] will not be prejudiced in maintaining his [or her] defense on the merits[;] and (3) the new [defendant] knew or should have known that, but for an excusable mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him as well'" (Marrone v Miloscio, 145 AD3d 996, 999, quoting Buran v Coupal, 87 NY2d at 178 [internal quotation marks omitted]; see Brock v Bua, 83 AD2d 61, 69). "The linchpin' of the relation-back doctrine is whether the new defendant had notice within the applicable limitations period" (Alvarado v Beth Israel Med. Ctr., 60 AD3d 981, 982; see Buran v Coupal, 87 NY2d at 180).
Here, the claims against Flan arise out of the same conduct, transaction, or occurrence as the claims asserted against Park Slope. In addition, the plaintiff demonstrated that, under the particular circumstances presented, Park Slope and Flan are united in interest inasmuch as the two entities, "intentionally or not, often blurred the distinction between them" (Donovan v All-Weld Prods. Corp., 34 AD3d 257, 257-258; see DeLuca v Baybridge at Bayside Condominium I, 5 AD3d at 535; see also 17 E. 96th Owners Corp. v Madison 96th Assoc., LLC, 60 AD3d 480, 481; cf. Montalvo v Madjek, Inc., 131 AD3d 678, 680; Mercer v 203 E. 72nd St. Corp., 300 AD2d 105, 106). Moreover, Flan had notice of this action within the applicable limitations period, inasmuch as the Flancraichs jointly operated both Park Slope and Flan, and Flan was designated in the condominium declaration to receive service of process on behalf of Park Slope (cf. Alvarado v Beth Israel Med. Ctr., 60 AD3d at 983). Finally, the plaintiff demonstrated that the initial failure to add Flan was not intentional, but was the result of an excusable mistake (see Donovan v All-Weld Prods. Corp., 34 AD3d at 258; DeLuca v Baybridge at Bayside Condominium I, 5 AD3d at 535).
Accordingly, the Supreme Court should have granted the plaintiff's cross motion for leave to amend the complaint to add Flan as a defendant.
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court