Global Liberty Ins. Co. v Tyrell (2019 NY Slip Op 03691)





Global Liberty Ins. Co. v Tyrell


2019 NY Slip Op 03691


Decided on May 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2019

Friedman, J.P., Renwick, Kapnick, Kahn, Oing, JJ.


9289 22588/17E

[*1]Global Liberty Ins. Co., Plaintiff-Appellant,
v
Sloan Tyrell, et al., Defendants, Dohor Chiropractic Services, P.C., et al., Defendants-Respondents.


The Law Office of Jason Tenenbaum, P.C., Garden City (Nadia Rahman of counsel), for appellant.
Kopelevich & Feldsherova, P.C., Brooklyn (David Landfair of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered October 3, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment against defendants-respondents and a default judgment against the remaining defendants on its complaint seeking a declaration of noncoverage, and for leave to amend the complaint to add Yang Zhi Gang, MD and Jamron Colin as defendants, unanimously modified, on the law and the facts, to grant the motion for leave to amend, and otherwise affirmed, without costs.
Plaintiff seeks a declaration that defendant Sloan Tyrell failed to appear at duly noticed medical examinations (IMEs), which constitutes a failure of a condition precedent to receipt of insurance benefits for the motor vehicle accident by any parties potentially entitled to benefits under Insurance Law § 5103 or their assignees (11 NYCRR 65-1.1[a]; see generally Unitrin Advantage Ins. Co. v Bayshore Physical Therapy, PLLC, 82 AD3d 559, 560 [1st Dept 2011], lv denied 17 NY3d 705 [2011]). In support, plaintiff submitted an attorney's affirmation annexing documents and affidavits of its claims adjuster and an employee of a company that handles plaintiff's no fault notice mailings, and an affirmation of the doctor whom plaintiff designated to conduct the IME. Contrary to defendants' contentions, the court properly considered sworn statements bearing captions of other proceedings arising out of the same accident (see CPLR 2101[f]).
Plaintiff did not proffer sufficient evidence to establish prima facie that it provided the insured with proper notice of the location of the scheduled examinations, since the copies of the letters submitted through an attorney affirmation appear to show an address for the doctor's office that differed from the office address provided by the doctor in her affirmation. Plaintiff's effort to correct the deficiency by submitting "clearer" copies in reply was insufficient, since there is no evidence that the insured received a clear copy.
As for the motion for leave to amend, plaintiff submitted a proposed amended complaint setting forth a cognizable cause of action against the proposed additional defendants, who allegedly provided the same claimant with services in connection with the same accident. Thus permissive joinder was appropriate (CPLR 1002[b]; see Mount Sinai Hosp. v Motor Veh. Acc. [*2]Indem. Corp., 291 AD2d 536, 537 [2d Dept 2002]), and, absent any showing of prejudice or undue delay, leave to amend should have been freely granted (CPLR 3025[b]; Fellner v Morimoto, 52 AD3d 352, 354 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 9, 2019
CLERK