**Paparella v Liddle & Robinson, L.L.P.**

2024 NY Slip Op 33486(U)

September 30, 2024

Supreme Court, New York County

Docket Number: Index No. 651832/2018

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LOUIS L. NOCK**　　　　　　　　PART　　　　　　**38M**

*Justice*

-----------------------------------------------------------------------------X

ANDREA M. PAPARELLA,

　　　　　　　　　　　　　　　Plaintiff,

　　　　　　- v -

LIDDLE & ROBINSON, L.L.P., JEFFREY LEW LIDDLE,
BLAINE H. BORTNICK, DAVID I. GREENBERGER, JAMES
W. HALTER, and JAMES R. HUBBARD,

　　　　　　　　　　　　　　Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651832/2018 |
| MOTION DATE | 05/30/2023, 06/29/2023 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Seq. 001) 39-42, 44-46

were read on this motion for 　　　　　　　　　　A STAY　　　　　　　　　　.

The following e-filed documents, listed by NYSCEF document numbers (Seq. 002) 25-37, 43, 47-51,
53-66

were read on this motion to 　　　　　　AMEND CAPTION/PLEADINGS　　　　　　.

LOUIS L. NOCK, J.S.C.

　　　Upon the foregoing documents, plaintiff's motion for leave to file a second amended

complaint (Mot. Seq. No. 002) is granted for the reasons set forth in the moving and reply papers

(NYSCEF Doc. Nos. 26, 48, 54, 59-60) and the exhibits attached thereto, in which the court

concurs, as summarized herein.  Plaintiff's motion for a stay of discovery and demands for bills

of particulars through November 26, 2023, or until otherwise ordered by the court (Mot. Seq. No.

001), is granted to the extent set forth below.

　　　In this action for violations of the New York City Human Rights Law, the Equal Pay Act,

the wage theft provisions of the Labor Law, and for breach of contract, tortious interference with

contract, and other related commercial torts, plaintiff alleges, among other things, that while

employed as an associate and later partner of defendant Liddle & Robinson, L.L.P. ("L&R") she

was discriminated against based on her gender and national origin, that she was refused earned

**651832/2018   PAPARELLA, ANDREA M. vs. LIDDLE & ROBINSON, L.L.P. ET AL**
**Motion No.  001 002**

**Page 1 of 5**

1 of 5

[* 1]

compensation, and that upon being terminated defendants interfered with various business relationships with third parties. Defendants initially removed the case to federal district court, after which plaintiff filed an amended complaint and moved to remand the action to this court. Defendants L&R and Jeffrey Lew Liddle ("Liddle") then declared bankruptcy (decision granting remand, NYSCEF Doc. No. 18 at 3-4). Plaintiff commenced an adversary proceeding in Bankruptcy Court, after which the Bankruptcy Court modified the automatic stay of all litigation involving L&R and Liddle to allow this action to proceed (*id.*). The federal district court then granted the motion for remand, holding that plaintiff's complaint was not subject to federal subject matter jurisdiction (*id.* at 13).

Following remand to this court, plaintiff entered into a stipulation with all defendants other than Liddle setting a time for the pending motion for leave to file a second amended complaint (Stipulation, NYSCEF Doc. No. 21). Liddle filed an answer to the amended complaint (NYSCEF Doc. No. 20) and served certain discovery demands and a demand for a bill of particulars. The instant motion practice followed.

"Leave shall be freely given upon such terms as may be just" (CPLR 3025[b]). Absent undue delay, prejudice, or surprise, and provided the proposed amendment arises from the same transactions and occurrences as the original complaint, the motion should be granted (*Fellner v Morimoto*, 52 AD3d 352, 353 [1st Dept 2008]). "On a motion for leave to amend, plaintiff need not establish the merit of its proposed new allegations, but simply show that the proffered amendment is not palpably insufficient or clearly devoid of merit" (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 500 [1st Dept 2010] [internal quotation marks and citations omitted]). "A party opposing leave to amend must overcome a heavy presumption of validity in favor of

**651832/2018   PAPARELLA, ANDREA M. vs. LIDDLE & ROBINSON, L.L.P. ET AL
Motion No.  001 002**

**Page 2 of 5**

2 of 5

[* 2]

permitting amendment" (*McGhee v Odell*, 96 AD3d 449, 450 [1st Dept 2012] [internal quotation marks and citation omitted]).

Here, defendants Liddle and James Halter ("Halter") oppose the motion for leave to amend, but do not demonstrate any undue surprise, delay, or prejudice. Indeed, any delay in the case stems primarily from Liddle and L&R's decision to remove the case to federal district court without justification, and then subsequently declared bankruptcy. Plaintiff promptly moved to remand the case to this court, promptly commenced an adversary proceeding to allow the federal district court to hear the remand motion, and then arranged for a stipulation allowing the instant motion to amend, which was filed only a month after the case was remanded. The allegations in the second amended complaint arise out of the same transactions and occurrences set forth in the original complaint and amended complaint (*Fellner*, 52 AD3d at 353). Prejudice, for purposes of a motion to amend, requires that a "defendant has been hindered in the preparation of its case or has been prevented from taking some measure to support its position" (*Owens v STD Trucking Corp.*, 220 AD3d 542, 543 [1st Dept 2023]). Defendants' arguments on this point are somewhat conclusory and, at best, equivocal in terms of any prejudice they may suffer from a further amendment. Contrary to defendants' claims, the proposed second amended complaint is not "palpably insufficient or clearly devoid of merit" (*MBIA Ins. Corp.*, 74 AD3d at 500).

Turning to the motion for a stay, plaintiff effectively seeks to stay its deadline to respond to defendant Liddle's deposition notice and demand for a bill of particulars until the court decides the motion for leave to amend and, if granted, until the defendants respond to the second amended complaint. Liddle is the only defendant who has served demands on plaintiff. Defendants Halter, Liddle, and Blaine H. Bortnick ("Bortnick") oppose the motion, arguing that further delay of discovery in a case filed six years ago is inappropriate, a well as raising purely

**651832/2018   PAPARELLA, ANDREA M. vs. LIDDLE & ROBINSON, L.L.P. ET AL**
**Motion No.  001 002**

**Page 3 of 5**

3 of 5

[* 3]

technical arguments regarding the motion and plaintiff's failure to timely respond to the demand for a bill of particulars as required (CPLR 3042). As set forth above, arguments about delay ring somewhat hollow when much of the delay is a result of how defendants have chosen to litigate the case. Moreover, defendants' papers make clear that some, if not all, of them will be moving to dismiss the second amended complaint, which would stay discovery in any event (CPLR 3214 [b]). Therefore, the court will stay discovery and the response to Liddle's bill of particulars until after issue has been joined on the second amended complaint.

Accordingly, it is hereby

ORDERED that the plaintiff's motion for leave to amend the complaint herein (Mot. Seq. No. 002) is granted, and the second amended complaint in the proposed form annexed to the moving papers shall be deemed served; and it is further

ORDERED that defendants shall serve an answer to the amended complaint or otherwise respond thereto within 30 days from the date of the filing hereof; and it is further

ORDERED that plaintiff's motion for a stay of discovery and its response to defendant Liddle's bill of particulars (Mot. Seq. No. 001) is granted to the extent that such matters are stayed until the joinder of issue on the second amended complaint, whether by all defendants answering or following determination of any motions to dismiss said pleading.

**651832/2018   PAPARELLA, ANDREA M. vs. LIDDLE & ROBINSON, L.L.P. ET AL     Page 4 of 5**
**Motion No.  001 002**

This constitutes the decision and order of the court.

ENTER:

_Louis L. Nock_

| 9/30/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651832/2018   PAPARELLA, ANDREA M. vs. LIDDLE & ROBINSON, L.L.P. ET AL**
**Motion No.  001 002**

**Page 5 of 5**

[* 5]

5 of 5