Dziura v Human Dev. Assn., Inc. (2024 NY Slip Op 05277)

Dziura v Human Dev. Assn., Inc.

2024 NY Slip Op 05277

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Singh, J.P., Gesmer, González, Pitt-Burke, JJ. 

Index No. 159998/18 Appeal No. 2888 Case No. 2023-02379 

[*1]Mariana Dziura, etc., et al., Plaintiffs-Respondents,
v
Human Development Association, Inc., et al., Defendants-Appellants, Empro, Inc., et al., Defendants.

Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola (Christopher P. Hampton of counsel), for appellants.
Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for respondents.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about April 12, 2023, which granted plaintiff's motions for leave to amend the complaint to join additional defendants and for class certification, unanimously affirmed, without costs.
Plaintiff asserts claims under the Labor Law, Public Health Law, and New York City Administrative Code for unpaid wages and overtime during her work as a home health aide for defendants Human Development Association, Inc., HDA, Human Development Association, Inc., and H.D.A., Inc. (together, HDA), including during 24-hour live-in shifts. She seeks to certify a class consisting of "[a]ll individuals who performed work on behalf of Defendant as non-residential home health aides and/or personal care assistants in the State of New York at any time between October 29, 2012" and the date of plaintiff's motion for class certification. Plaintiff also seeks an order to amend the complaint to add as defendants Empro, Inc., HDA CDPAS, LLC, HDA NY, LLC and individual Joel Zupnick (collectively, new defendants).
Supreme Court properly granted leave to amend, as the amendment to add new defendants as alleged joint employers is not "palpably insufficient or clearly devoid of merit" (Sorge v Gona Realty, LLC, 188 AD3d 474, 475 [1st Dept 2020] [internal quotation marks omitted]; see CPLR 3025[b]). The new defendants' relationship to HDA arose from an asset sale agreement, a related consulting agreement in force for a number of years while the sale of assets was awaiting court approval, and their alleged course of conduct while providing expertise and operational skills. These events all occurred for several years while plaintiff was employed by HDA.
An individual may be liable under the Labor Law as an employer if he or she exercised significant managerial control (see Labor Law § 190[3]; Bonito v Avalon Partners, Inc., 106 AD3d 625, 625-626 [1st Dept 2013]). As to the breach of contract claims, HDA represented to Supreme Court, Kings County, that the purchasing entity was a licensed home health agency with approval to purchase HDA's license as of April 16, 2015, long before the now-asserted acquisition date of HDA's license (see generally Public Health Law § 3614-c[2]). A financial intermediary, such as HDA CDPAS, LLC has responsibilities including setting wages and ensuring the health status of home health aides before they render services, among other things, which may support the wage and hour allegations here (see 18 NYCRR 505.28[j][1][i]-[iii]; see also Jimenez v Concepts of Independence, Inc., 2018 NY Slip Op 30257[U], *11-12 [Sup Ct, NY County 2018]). Additionally, financial intermediaries have faced potential liability since July 1, 2017 (see id., as amended by L 2017, ch 57, part S, §§ 5, 7[b]). Therefore, the court properly granted the motion to amend the complaint to join the proposed defendants.
The second amended complaint relates back to the original claims (see Buran v Coupal, 87 NY2d [*2]173, 178 [1995]). Plaintiff's submissions show a unity of interest, and that the new defendants knew or should have known that they would be joined in this action, given their longstanding relationship with HDA, and their assumption of the majority of HDA's liability in a federal wage-and-hour action in federal district court (see e.g. Donovan v All-Weld Prods. Corp., 34 AD3d 257, 257 [1st Dept 2006]).
Supreme Court also properly granted class certification (see CPLR 901[a][1]-[5]; Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 398-399 [2014]). "[C]laims of uniform systemwide [wage] violations," as alleged here, "are particularly appropriate for class certification" (Kurovskaya v Project O.H.R. [Office for Homecare Referral], Inc., 194 AD3d 612, 613 [1st Dept 2021], lv dismissed 37 NY3d 1104 [2021], quoting Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 184 [2019]). Indeed, plaintiff proffered evidence that, pursuant to HDA's policies, it paid class members for only 13 hours of their 24-hour shifts, instead of minimum wage, overtime wages, or other wages (see Konstantynovska v Caring Professionals, Inc., 215 AD3d 405, 406 [1st Dept 2023]; Andryeyeva, 33 NY3d at 165-168). HDA did not submit a required "written policy form allegedly distributed to employees, advising them of the prescribed breaks they were to receive, in accordance with the [Department of Labor Minimum Wage Order]" (Moreno v Future Health Care Servs., Inc., 186 AD3d 594, 596 [2d Dept 2020]), but instead proffered only an affidavit claiming to have had such a policy.
Defendants asserted as a basis for opposing class certification only a difference in the amount of damages sustained by each class member, which does not warrant denial of certification (see Andryeyeva, 33 NY3d at 185; see also Konstantynovska, 215 AD3d at 406). Furthermore, commonality of factual and legal questions "requires predominance [,] not identity or unanimity among class members" (Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 423 [1st Dept 2010]). Finally, we note that typicality compares a named plaintiff's claims with the "claims or defenses of the class," not with the defenses that a defendant may raise (CPLR 901[a][3]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024